

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

2007R00995

*United States Attorney's Office*
*610 Federal Plaza*
*Central Islip, New York 11722-4454*

December 19, 2007

**VIA ECF AND HAND DELIVERY**
The Honorable Arthur D. Spatt
United States District Judge
United States District Court
Room 1024, Federal Plaza
Central Islip, New York 11722

    Re:  United States v. Sabhnani & Sabhnani
          Case No. 07-CR-429(S-1)(ADS)

Dear Judge Spatt:

    We write in response to the submissions of the defendants regarding whether they should be remanded pursuant to Title 18, United States Code, Sections 3143, 3145 and 3156.

    Initially, we submit that the Court should resolve the issue of bail under the legal standards set forth by this Court in United States v. Schlesinger, 2005 WL 1657043 (E.D.N.Y. June 8, 2005). In doing so, we suggest that the Court's determination should focus principally on three inquiries:

    (1) Are some of the crimes of conviction "crimes of violence" as defined in 18 U.S.C. § 3156?

    (2) Is there a substantial likelihood that a motion for acquittal or a new trial will be granted pursuant to 18 U.S.C. § 3143(a)(2)(A)(i)?

    (3) Even if the defendants fail to meet the requirements of 18 U.S.C. § 3143(a)(2), have they shown the existence of "exceptional reasons" that would justify their release on bail under 18 U.S.C. § 3145?

    First, the forced labor counts, peonage counts, and related conspiracy counts are "crimes of violence" because they

are offenses that have "an element of the offense the use, attempted use, or threatened use of physical force against [a] person," see 18 U.S.C. § 3156(a)(4)(A), and they are offenses that are felonies that, by their nature, involve "a substantial risk that physical force against [a] person or property of another may be used in the course of committing the offense." See 18 U.S.C. § 3156(a)(4)(B). In United States v. Norris, 188 Fed. Appx. 822, 2006 WL 1889654 (11th Cir. 2006), the Eleventh Circuit, in an unpublished opinion, considered inter alia the issue of whether the crimes of peonage, in violation of 18 U.S.C. § 1581(a), and forced labor, in violation of 18 U.S.C. § 1589(1) and (2), were "crimes of violence" as defined under 18 U.S.C. § 3156(a)(4). After noting that the defendant did not dispute that such charges constituted "crimes of violence," the court found "no error in the district court's finding that [defendant's] crimes constituted violent crimes, thus weighing in favor of detention." Id. at 830, *6. Thus, the Court should determine that the forced labor, peonage, and related conspiracy charges are "crimes of violence" under 18 U.S.C. § 3156.

Second, we rely on our arguments in opposition to the defendants' Rule 29 motion, as well as our arguments in summation and rebuttal, to support our contention that there is not a substantial likelihood -- indeed, in our view there should be no likelihood -- that a motion for acquittal or a new trial will be granted. The jury's guilty verdicts on all counts against both defendants were swift and resounding. In his submission on the bail issue, the defendant Mahender Sabhnani appears to attempt distance himself from the verdicts involving his wife and, in doing so, attempts to minimize his conduct as either a co-conspirator or an aider and abetter. We urge the Court to reject this argument, just as the First Circuit did in United States v. Mitchell, 23 F.3d 1 (1st Circuit 1994).

Lastly, all of the "exceptional reasons" offered by the defendants are largely unsubstantiated, "purely personal" and, therefore, not "exceptional." See Schlesinger, 2005 WL 1657043 at *3-4. We would also note that the only new "legal or factual question" raised by the defendants is their stated intention to move for a new trial based upon the "pervasiveness of the negative and hostile publicity throughout the trial." Such a claim is meritless, and does not rise to the level of a factual or legal issue that would justify the release of the defendants. See United States v. DiSomma, 951 F.2d 494 (2d Cir. 1991).

      Therefore, the defendants should be remanded pursuant to Title 18, United States Code, Sections 3143, 3145 and 3156.

                Very truly yours,

                BENTON J. CAMPBELL
                United States Attorney
                Eastern District of New York

By:       /s/_____
    Mark J. Lesko
    Assistant United States Attorney
    (631) 715-7868

cc:  Counsel of Record (via ECF)